Mark HANNA, et al., Relators,

v.

The Honorable W. Jeanne MEURER, Respondent.

Motion No. 23061.

Court of Appeals of Texas, Austin.

April 12, 1989.

Jack P. Bacon, Austin, for relators.

Howard A. Hickman, Austin, for respondent.

PER CURIAM.

Relators, Mark Hanna, Debbie Hanna and Capitol City Savings, filed their motion for leave to file petition for writ of mandamus and tendered their petition pursuant to Tex.R.App.P.Ann. 121 (Supp.1989). By their motion for leave to file and petition, relators seek a writ of mandamus to compel respondent, the Honorable W. Jeanne Meurer, to set aside her orders of January 17, 1989, and February 7, 1989, denying relators' motions for protective orders. Rabcon, Inc., is the real party in interest in the instant proceeding. We will deny relators' motion for leave to file petition for writ of mandamus.

In the underlying cause, Rabcon, Inc., filed suit against relators seeking recovery, including punitive damages, for breach of contract, quantum meruit, foreclosure of mechanic's lien, breach of fiduciary duty, duress, tortious interference with contract, and fraud arising from a construction and remodeling contract between the parties. The Hannas counterclaimed asserting, *inter alia,* breach of the warranty to build in a good and workmanlike manner and violations of Tex.Bus. & Com.Code Ann. §§ 17.-41 *et seq.* (1987).[1] Relative to its claim, Rabcon, Inc., sought to depose the Hannas to discover information regarding their net worth and to obtain information and financial and personnel records from Capitol City Savings. Relators filed motions for protective orders and a motion to reconsider which respondent denied.

■ In this Court, relators argue that respondent abused her discretion because net worth, other than shown in a financial statement, is not discoverable. In *Lunsford v. Morris,* 746 S.W.2d 471 (Tex.1988), the supreme court stated, "In a suit in which exemplary damages may be recovered, we hold the defendant's net worth is 'relevant' and therefore discoverable...." *Id.* at 473. *See* Tex.R.Civ.P.Ann. 166b(2) (Supp.1989). The Lunsford plaintiffs

sought discovery of "financial statements and other documents bearing on defendants' net worth." In allowing discovery of such information, the supreme court did not provide any definition or standard by which to measure net worth. *See generally* Powell & Leiferman, *Results Most Embarrassing: Discovery and Admissability of Net Worth of the Defendant,* 40 Baylor L.Rev. 527 (1988).

Relators recognize the applicability of *Lunsford* but, nevertheless, request this Court to conclude that respondent abused her discretion in allowing discovery of net worth. Although we may agree with the thrust of relators' argument and share their concerns, this Court is bound, of course, by the supreme court's pronouncement on the law until that court states otherwise. *Swilley v. McCain,* 374 S.W.2d 871 (Tex.1964); *W.W. Rodgers & Sons Produce Co. v. Johnson,* 673 S.W.2d 291 (Tex. App.1984, orig. mand. proceeding); *see Griggs v. Capitol Mach. Works, Inc.,* 690 S.W.2d 287 (Tex.App.), writ ref'd n.r.e., 701 S.W.2d 238 (Tex.1985) (intermediate appellate court constrained to follow fundamental rule within its jurisdiction). Accordingly, we must deny relators' motion for leave to file petition for writ of mandamus.

■ In their motion for protective order and their motion to reconsider, relators did assert that the discovery request, as to the Hannas, involves unnecessary harassment or invasion of personal or property rights. *See Lunsford,* 746 S.W.2d at 473; Tex.R. Civ.P.Ann. 166b(5) (Supp.1989). As we understand their argument, relators suggest that the discovery request is harassment and an invasion of privacy *per se.* Relators present no argument as to their particular circumstances. In the absence of an adequate record, this Court presumes that the evidence, if any, supports the district court's order. *Alta Enterprises, Inc. v. Clark,* 730 S.W.2d 865 (Tex.App.1987, orig. mand. proceeding); *see Guthrie v. National Homes Corp.,* 394 S.W.2d 494 (Tex. 1965).

---

1. The characterization of the causes of action is based on the parties' statements to this Court. None of the parties have filed copies of relevant pleadings as exhibits in this Court. Rule 121(a)(2)(C).

The motion for leave to file petition for writ of mandamus is denied.