# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00726-CV

**High Valley Homes, Inc., Appellant**

**v.**

**Douglas Fudge and Carolyn Fudge, Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT NO. C98-593-C, HONORABLE GARY STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment confirming an arbitration award in a lawsuit brought by appellees Douglas and Carolyn Fudge against their home builder, appellant High Valley Homes, Inc., and others, arising from the allegedly defective site preparation and foundation construction for the Fudges=s new home. The arbitrator found in favor of the Fudges. High Valley appeals but does not challenge the merits of the arbitrator=s award; rather it complains that the trial court erred in ordering binding arbitration because (1) High Valley requested only mediation and (2) High Valley=s plea in abatement rendered the subsequent order compelling arbitration void. We will affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Douglas and Carolyn Fudge entered into a residential construction contract whereby High Valley was to construct their new home according to plans and specifications drawn by an architect. As the site preparation and foundation work were being completed, the Fudges became concerned about the quality of the work. When the architect confirmed their suspicions, the Fudges demanded that High Valley stop its work. The Fudges eventually terminated the contract. High Valley subsequently filed a mechanic=s lien against the Fudges=s property.

The Fudges filed suit for declaratory relief seeking to invalidate the mechanic=s lien and claiming damages under the Texas Deceptive Trade Practices and Consumer Protection Act (ADTPA@),[1] attorney=s fees and costs. *See* Tex. Bus. & Com. Code Ann. '' 17.46-.50 (West 2002 & Supp. 2003). High Valley filed a ADefendant=s Original Answer, Plea in Abatement and Counterclaim.@ In its plea, High Valley alleged that the lawsuit was governed by the Residential Construction Liability Act (ARCLA@), and that the Fudges failed to give written notice of their claims as required by that act. *See* Tex. Prop. Code Ann. ' 27.004 (West 2000). High Valley asserted that abatement is mandatory under section 27.004 beginning eleven days after the plea was filed and lasting until sixty days after proper notice is served. *See* ' 27.004(d), (e). High Valley also brought a counterclaim to recover on its mechanic=s lien.

---

[1] Because this case implicates several statutes, we will abbreviate them and refer to each by the first letters of its common name.

2

High Valley subsequently filed a motion for mediation in which it alleged that the contract made the basis of the lawsuit contained Aa mediation clause in paragraph 24@ and that the Fudges had Afailed and refused to agree to mediate this matter.@ A hearing was had on High Valley=s motion. High Valley admits, however, that those proceedings were not recorded. The docket sheet reflects that the parties were ordered to binding arbitration. The trial court some months later signed an Order to Compel Arbitration in which it found that the construction contract Aprovides for binding arbitration, not mediation.@ It ordered the parties to binding arbitration on all claims and abated the lawsuit until an award was issued by an arbitrator.

The parties= claims were submitted to arbitration in January 2000. An Award of Arbitrator was signed on May 23 finding in favor of the Fudges in all material respects. A supplemental award was issued on August 17, reiterating the invalidity of the mechanic=s lien. The arbitrator found that the foundation of the house Awas not built in a good and workmanlike manner, nor was it built in accordance with the Plans in all respects. The deviations were substantial.@ The arbitrator concluded that the Fudges were Alegally justified in terminating@ the contract because High Valley breached the contract and breached the warranty of building in a good and workmanlike manner. Those breaches were found to be violations of the DTPA. High Valley was also found to have failed to cure its defective work and Afailed to make any reasonable offer of settlement in accordance with Section 27.004 et seq., Texas Property Code.@ As a result, the arbitrator concluded that the statutory restrictions on damages provided by chapter 27 were not available to High Valley. The mechanic=s lien was found to have no Aforce or effect@ and High Valley was ordered to

**3**

indemnify the Fudges for defending against any mechanic=s liens filed by its subcontractors or materialmen. High Valley was ordered to pay $19,212.14 as consequential and statutory damages, $15,975.18 for attorney=s fees, plus costs and interest. The Fudges were ordered to pay one half of the arbiter=s fees of $7,035.00.

The Fudges filed a motion to enter the award of the arbitrator. High Valley sought to vacate or modify the award. On October 11, 2001, the trial court signed a judgment affirming the award of arbitrator. High Valley appeals.

**DISCUSSION**

High Valley brings two complaints on appeal. First, it contends that the court erred in ordering arbitration in this case because it requested mediation as the RCLA allows, not binding arbitration. Second, High Valley argues that its plea in abatement operated under the RCLA to automatically abate the proceedings, and, therefore, the arbitration order issued during the period of abatement was void. With regard to the first issue, determining whether mediation or arbitration was appropriate in this case requires that we construe the residential construction contract in question. We review de novo questions involving contract construction. *Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576, 590 (Tex. App.CHouston [14th Dist.] 1999, no pet.); *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 520

4

(Tex. App.CAustin 1998, no pet.). As to the second issue, we review issues regarding pleas in abatement for abuse of discretion. *See Dolenz v. Continental Nat=l Bank*, 620 S.W.2d 572, 757 (Tex. 1981).[2]

**Arbitration By Any Other Name**

---

[2] A court abuses its discretion when it acts without reference to any guiding legal principles or rules. *See Domizio v. Progressive County Mut. Ins. Co.*, 54 S.W.3d 867, 876 (Tex. App.CAustin 2001, no pet.).

This case results from confusion over the meaning of the terms "mediation"[3] and "arbitration."[4] High Valley argues that the RCLA should control this case. The RCLA authorizes, but does not require, mediation in applicable cases. High Valley argues that the Fudges's claims come within the purview of the RCLA[5] and, because the RCLA only provides for mediation,[6] the trial court was without authority to order arbitration. High Valley's argument presumes that the RCLA displaces all other law. Under High Valley's theory, neither common law or other statutorily-based arbitration could apply to the Fudges's claims in the face of the RCLA's application. Although we agree that the RCLA authorizes only standard nonbinding mediation, we reject the proposition that the RCLA displaces otherwise binding

---

[3] "Mediation" is commonly defined as a "method of nonbinding dispute resolution involving a neutral third party who tries to help the disputing parties reach a mutually agreeable solution." Black's Law Dictionary 797 (7th ed. 2000).

[4] The term "arbitration" is usually defined as a "method of dispute resolution involving one or more neutral third parties who are usually agreed to by the disputing parties and whose decision is binding." *Id.* at 79.

[5] The RCLA applies to "any action to recover damages resulting from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods." Tex. Prop. Code Ann. § 27.002(a)(1) (West 2000). The Fudges have not disputed that the RCLA applies to their claims.

[6] Section 27.0041 allows a litigant, within ninety days after a suit is filed, to request that any RCLA claims in excess of $7,500 be submitted to mediation; it requires that on timely motion of either party, the court "shall order the parties to mediate the dispute." Tex. Prop. Code Ann. § 27.0041(b). It also provides that "[s]ection 154.023, Civil Practices and Remedies Code, . . . appl[ies] to a mediation under this section" to the extent those provisions are not inconsistent. *Id.* § 27.0041(e). Section 154.023 of the Civil Practices and Remedies Code ("CPRC") specifies that a "mediator may not impose his own judgment on the issues for that of the parties." Tex. Civ. Prac. & Rem. Code Ann. § 154.023(b) (West Supp. 2003). By incorporating this section of the CPRC, the legislature made it clear that the mediation ordered under the RCLA was to be ordinary, nonbinding mediation.

agreements entered into by the parties. Had the legislature intended the mediation provided for in the RCLA to preempt private contracts and other statutory ADR schemes, it could have plainly said so.[7] We hold that the RCLA does not preclude parties to a residential construction contract from agreeing to another form of alternative dispute resolution (AADR@).

**Arbitration Analysis**

Determining whether a claim is subject to binding arbitration requires a two-step analysis; the first issue is whether an agreement exists requiring binding arbitration. *In re Sun Communications, Inc.*, 86 S.W.3d 313, 317 (Tex. App.CAustin 2002, orig. proceeding) (per curiam); *Nationwide of Bryan, Inc.*, 969 S.W.2d at 520. If an arbitration agreement exists, the second issue is whether it covers the dispute in question. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001). Any doubts about whether a claim is covered by an arbitration agreement are resolved in favor of arbitration because of the state and federal policies favoring arbitration. *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995)); *see also Sun Communications, Inc.*, 86 S.W.3d at 317-18. If a court concludes that an

---

[7] Moreover, we fail to see why the general alternative dispute resolution (AADR@) statute would not also apply in this case. That statute authorizes courts to order a number of other forms of ADR, such as mini-trials, moderated settlement conferences, summary jury trials, and nonbinding or binding arbitration. *See id.* '' 154.002-.027 (West 1997 & Supp. 2003).

arbitration agreement covers a claim and no defense to the agreement is shown, then a court has no discretion but to compel arbitration and stay its own proceedings. *In re FirstMerit Bank*, 52 S.W.3d at 753-54; *Sun Communications, Inc.*, 86 S.W.3d at 317.

While the presumption favoring arbitration applies to determining whether a claim comes within the scope of an arbitration agreement, that presumption does not apply to the threshold issue of whether the parties agreed to binding arbitration. *See In re ACG Cotton Mktg., L.L.C.*, 985 S.W.2d 632, 634 n.1 (Tex. App.CAmarillo 1999, no pet.) (A[A]rbitration is a matter of contract, and one cannot be forced to arbitrate unless he agreed to do so[;] . . . the court cannot utilize public policy to manufacture an agreement and thereby deprive a litigant of its right to judicial resolution.@); *Belmont Constrs, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 356 (Tex. App.CHouston [1st Dist.] 1995, consolidated orig. proceeding and appeal) (holding that Apolicy of resolving doubts in favor of arbitration cannot serve to stretch a contractual clause beyond the scope intended by the parties or allow modification of the plain and unambiguous provisions of an agreement.@ and citing *Babcock & Wilcox Co. v. PMAC. Ltd.*, 863 S.W.2d 255, 230 (Tex. App.CHouston [14th Dist.] 1993, no writ)). Without an agreement to arbitrate, courts cannot compel parties to binding arbitration. *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994).

**The Parties= Contract**

This case revolves around the first prong of the arbitration test: whether an arbitration agreement exists. The parties do not dispute that the Fudges=s claims come within the scope of the parties= agreement. The only question is whether that agreement requires binding arbitration.

**8**

Although High Valley argues that its AMotion For Mediation@requested mediation under the RCLA, its motion plainly states that Athe agreement made the subject of this suit and attached to Plaintiff=s Original Petition contains a *mediation clause in paragraph 24*.  Plaintiff [sic] [The Fudges] although advised and requested to *mediate this matter pursuant to the contract* has failed and refused to agree to mediate this matter.@  (Emphasis added.)  High Valley=s motion clearly sought to invoke paragraph 24.

The parties= contract in this case misuses the term Amediation,@ when the obvious intent of the parties expressed throughout the agreement was to submit any claims to binding arbitration.  The disputed portion of the construction contract in question is paragraph 24, which states:

> Mediation.    All controversies arising out of this Project and this Agreement shall be resolved through *mandatory*, *binding mediation*, which shall be in accordance with the rules of the American Mediation Association existing at the time the request for mediation is filed.  *The mediator shall be empowered to decide the controversy and issue a binding award*, even if one or more parties declines, neglects or refuses to participate in the mediation. *The mediator shall have the authority to award* reasonable attorneys fees.

(Emphasis added.)  The question in this case is whether paragraph 24 provided for ordinary mediation or binding arbitration.

**Contract Construction**

High Valley argues that paragraph 24 requires mediation, not arbitration.  In its brief, High Valley states that the Aclause is, perhaps, ambiguous,@ but that Aneither party took a position of record@ that

it was an arbitration clause and A[n]either party invoked the Texas Arbitration Act and requested the trial court to determine the existence of an arbitration agreement.@ *See* Tex. Civ. Prac. & Rem. Code Ann. ' 171.021(b) (West Supp. 2003). Because High Valley did not bring forth the evidentiary record from the October 1 hearing, we will presume that the record supports the trial court=s order. *See Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 181 (Tex. 1993); *Hanna v. Meurer*, 769 S.W.2d 680, 681 (Tex. App.CAustin 1989, orig. proceeding).

We apply general common law principles governing the formation and construction of contracts to determine whether there is an agreement to arbitrate. *Trico Marine Servs., Inc. v. Stewart & Stevenson Technical Servs., Inc.*, 73 S.W.3d 545, 548 (Tex. App.CHouston [1st Dist.] 2002, pet. denied); *Belmont Constrs, Inc.*, 896 S.W.2d at 357; *see also First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995); *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073-74 (5th Cir. 2002).

There is no particular form or language required for a valid arbitration agreement, but it must reflect the parties= intent to submit their dispute to arbitrators and to be bound by that decision. *Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 220 (Tex. App.CHouston [1st Dist.] 1996, orig. proceeding); *Manes v. Dallas Baptist Coll.*, 638 S.W.2d 143, 145 (Tex. App.CDallas 1982, writ ref=d n.r.e.). The parties must have expressed their agreement to arbitrate in clear terms. *Trico Marine Servs., Inc.*, 73 S.W.3d at 548; *Porter & Clements*, 935 S.W.2d at 220. The language of an unambiguous agreement[8] will be enforced according to its plain meaning unless such a reading would defeat the intentions

---

[8] If a contract is worded so that it can be given a definite or certain legal meaning, then it is

**10**

of the parties.  *Valero Energy Corp.*, 2 S.W.3d at 590; *D. Wilson Constr. Co. v. Cris Equip. Co.*, 988 S.W.2d 388, 394 (Tex. App.CCorpus Christi 1999, no pet.).

Although paragraph 24 uses the term Amediation,@ reading it as a whole, we hold that it manifests an agreement to submit disputes to binding arbitration.  First, the term Amediation@ is qualified by the terms Amandatory@ and Abinding.@  These terms have specific, unambiguous meanings.  The interpretation of paragraph 24 urged by High Valley requires us to ignore significant portions of the language in that provision.[9]  Second, the provision plainly states that the Amediator shall be empowered to decide the controversy and issue a binding award.@  This language could not be more plain.  It clearly describes arbitration instead of nonbinding ADR.  The only reasonable interpretation of paragraph 24 is that it is an agreement to arbitrate.  We hold that the trial court correctly construed paragraph 24 as requiring binding arbitration, rather than mediation.  The trial court enforced the provision according to its plain language.

---

unambiguous.  *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998).  It is only when a contract is susceptible of more than one reasonable but conflicting interpretation that it is considered ambiguous.  *See id.*

[9]  An important rule of construction is that the parties intend every part of a contract and a court should not strike any portion, but should give effect to every part, unless there is an irreconcilable conflict therein.  *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex. 1983); *In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 651 (Tex. App.CEl Paso 1999, orig. proceeding).

Furthermore, we hold that High Valley waived its complaint. During the proceedings before the arbitrator, High Valley failed to make any objection to the arbitration proceeding, or otherwise indicate that its participation was subject to objection. A litigant cannot remain silent to see if the arbitration proceeding renders favorable results and then object only if the results are unfavorable.[10] High Valley=s first issue is overruled.

**Plea in Abatement**

In its original answer, High Valley urged a plea in abatement alleging that the Fudges failed to provide written notice of their claims as required by section 27.004 of the RCLA. Although the record contains pre-suit correspondence from the Fudges that appears to satisfy section 27.004, we will accept as true, for purposes of this discussion, High Valley=s contention that the requisite notice was not given. The pertinent portions of the RCLA, sections 27.004(d) and (e), provide:

> (d) The court shall abate a suit governed by this chapter if . . . the court, after a hearing, finds that the contractor is entitled to an abatement because the claimant failed to provide the notice or failed to give the contractor a reasonable opportunity to inspect the property as required by Subsection (a). A suit is automatically abated without the

---

[10] The right to object to arbitration is generally considered waived when a party participates in the election of arbitrators without protest or fails to otherwise indicate that its participation is subject to an objection. *See Prudential Sec., Inc. v. Banales*, 860 S.W.2d 594, 598 n.3 (Tex. App.CCorpus Christi 1993, orig. proceeding) (citing *Bergquist Co. v. Sunroc Corp.*, 777 F. Supp. 1236, 1251 (E.D. Penn. 1991)); *see also Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir. 1983) (A[W]e have long recognized the rule that a party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result.@).

order of the court beginning on the 11th day after the date a plea in abatement is filed if the plea in abatement:

(1) is verified and alleges that the person against whom the suit is pending did not receive the written notice or was not given a reasonable opportunity to inspect the property as required by Subsection (a); and

(2) is not controverted by an affidavit filed by the claimant before the 11th day after the date on which the plea in abatement is filed.

(e) An abatement under Subsection (d) continues until the 60th day after the date that written notice is served in compliance with Subsection (a).

Tex. Prop. Code Ann. ' 27.004(d), (e).

Section 27.004(d)(1) requires that the plea in abatement have verified allegations of lack of notice in order to trigger the automatic abatement. High Valley=s plea did not contain a verification. Attached to High Valley=s pleading was a verification sworn to and signed by Howard Durham averring that Ahe is the duly authorized agent for High Valley Homes, Inc., Defendant . . . ; that he has read the above Defendant=s Original Answer; and that the allegations contained therein are within his personal knowledge and are true and correct.@ Nothing in the verification attested to the facts contained in the plea in abatement and no affidavit was filed in support of abatement.

The movant bears the burden of proof on a plea in abatement. *Bernal v. Garrison*, 818 S.W.2d 79, 82 (Tex. App.CCorpus Christi 1991, writ denied). Without evidence establishing the requisite facts, a court errs in granting a plea in abatement. *Upchurch v. San Jose*, 5 S.W.3d 274, 277 (Tex. App.CAmarillo 1999, no pet.); *Bernal*, 818 S.W.2d at 82. In addition, failure to verify the facts alleged in a plea in abatement effectively waives the plea. *See Neeley v. Intercity Mgmt. Corp.*, 732 S.W.2d 644,

648 (Tex. App.CCorpus Christi 1987, no writ). We hold that High Valley=s plea in abatement was insufficient under section 27.004(d)(1) to trigger automatic abatement.

Moreover, High Valley failed to obtain a hearing on the issue of notice and failed to object to the court proceeding to other matters in the case before resolving the notice issue. In fact, it was High Valley that subsequently filed and pursued its mediation motion without any indication to the court that it considered the proceedings abated. Nothing in the record reflects that High Valley ever called the notice issue to the trial court=s attention. *See K.C. Roofing Co. v. Abundis*, 940 S.W.2d 375, 378 (Tex. App.CSan Antonio 1997, writ denied). We hold that High Valley waived its plea in abatement by failing to bring its complaint about lack of notice to the court=s attention. High Valley=s second issue is overruled.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court approving the arbitrator=s award.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: April 17, 2003

**14**