Leslie **HAMPTON, et al., Plaintiffs,**

v.

**ITT CORPORATION, et al., Defendants.**

**Civ. A. No. H–92–371.**

United States District Court,
S.D. Texas,
Houston Division.

April 5, 1993.

Les Weisbrod, Morgan & Weisbrod, Dallas, TX, for plaintiffs.

B. Lee Crawford, Jr., Brown McCarroll & Oaks Hartline, Austin, TX, for defendants.

## MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Defendants ITT Corporation and ITT Consumer Financial Corporation ("ITT") have filed a Motion to Stay Pending Arbitration. (Docket Entry No. 17). Defendants seek to enforce arbitration agreements contained in employment contracts signed by the plaintiff employees who filed this Fair Labor Standards Act suit. Based on the pleadings, the facts, and the applicable law, the court grants the motion.

## 1. Background

■ Plaintiffs are former employees of ITT Consumer Financial Corporation and ITT Corporation who claim that they were not paid for overtime hours they worked. During their employment, defendants required all employees to sign employment contracts containing the following language: "ITT CFC and EMPLOYEE agree that any dispute between them or claim by either against the other or any agent or affiliate of the other shall be resolved by binding arbitration...."

Defendants ask for a stay of the proceedings in this court pending arbitration of plaintiffs' claims pursuant to the arbitration agreement and the Federal Arbitration Act, 9 U.S.C. § 3 et seq., ("FAA").

## 2. Section 1 et seq. of the Federal Arbitration Act

■ The threshold question is whether the arbitration agreements are within the scope of the FAA. Section 1 expressly excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Plaintiffs assert that the FAA does not apply to them because they are workers engaged in interstate commerce within the exclusionary language of section 1.

Neither the United States Supreme Court nor the Fifth Circuit has ruled on the meaning of this section. However, the Second, Third, Fourth, and Seventh Circuits agree that only contracts of employment for workers "actually in the transportation industries" or engaged in the actual movement of goods in interstate commerce are excluded from the Federal Arbitration Act. *Signal–Stat Corp. v. United Elec. Radio & Mach. Workers,* 235 F.2d 298, 302 (2d Cir.1956), *cert. denied,* 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428, *reh'g. denied,* 355 U.S. 852, 78 S.Ct. 7 (1957); *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1069 (2d Cir.1972); *Miller Brewing Co. v. Brewery Workers Local Union No. 9,* 739 F.2d 1159, 1162 (7th Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985); *Tenney Eng'g Inc.,* 207 F.2d at 452–53; *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064 (4th Cir. 1972); *see also, Weston v. ITT–CFC, et al.,* No. 92–2044–H, 1992 WL 473846 (N.D.Tex., December 3, 1992). The court finds these authorities consistent with the Supreme Court's instruction that arbitration is to be favored, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and with the Supreme Court's express refusal in *Gilmer v. Interstate/Johnson Lane Corporation,* —— U.S. ——, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), to adopt the expansive interpretation of section 1 that plaintiffs seek.

Defendants are Delaware corporations in the business of managing and servicing consumer loans. The plaintiffs' employment in the loan serving industry does not place them within the narrow category of employees lit-

erally involved in the transportation industry or in the interstate movement of goods. The court finds that the employment agreements in this case are not excluded from the scope of the Federal Arbitration Act.

### 3. The Scope of the Arbitration Agreement

The court also finds that the parties agreed to arbitrate the dispute on which this lawsuit is based. *R.M. Perez & Associates, Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992). The language of the arbitration clause is broad and covers the employment dispute over the payment of wages allegedly due for overtime work.

■ The court must next determine whether any statute or policy renders the claims nonarbitrable. *R.M. Perez & Associates, supra.* Plaintiffs' argument that the employment agreements were not the result of arms-length bargaining is not persuasive in light of the long standing and well-established case law that such attacks are attacks on the contract as a whole and must be resolved in arbitration. *Prima Paint Corp. v. Flood and Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). None of the plaintiffs in this case assert that they were unfairly induced to sign the arbitration clauses separately from the employment agreements themselves. Because plaintiffs do not challenge the arbitration clause but rather challenge the employment contract as a whole, the claims are arbitrable.

Plaintiffs' argument is also inconsistent with the clear law upholding arbitration agreements despite express findings that they were not the product of arms-length bargaining. *See Gilmer, supra,* — U.S. at ——, 111 S.Ct. at 1655–56, and cases cited therein.

■ The fact that plaintiffs' suit is based on the Fair Labor Standards Act does not preclude arbitration. The Supreme Court has recently held that statutory claims may be the subject of an enforceable arbitration agreement. In *Gilmer, supra,* the Court held that an arbitration agreement would be enforced as to claims under the Age Discrimination in Employment Act. The *Gilmer* Court stated that a party should be held to its agreement to arbitrate unless "Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue...." *Id.,* 111 S.Ct. at 1652. *See also, Alford v. Dean Witter Reynolds, Inc.,* 939 F.2d 229, 230 (5th Cir.1991), holding that Title VII claims are subject to arbitration under the Federal Arbitration Act.

Plaintiffs have not made any showing that Congress intended to preclude arbitration as to the FLSA claims. Nor is there any showing of inconsistency or conflict between arbitration and the FLSA's underlying purposes. The court therefore finds that the arbitration agreements are enforceable as to all the claims made the basis of this suit.

Based on the above, the court grants defendants' motion to stay this litigation pending arbitration. All other pending motions are denied without prejudice as moot pending arbitration. The parties are ordered to *submit joint written status reports as to the* arbitration proceedings on April 1, 1993; September 3, 1993; January 3, 1994; April 4, 1994, and every three months thereafter. The parties are further ordered to advise the court within ten (10) days after the conclusion of the arbitration.