**In re BURTON, McCUMBER & CORTEZ, L.L.P., Relator.**

**No. 13–03–00360–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 25, 2003.

Frank E. Perez, Perez & Associates, Brownsville, for relator.

Tom Fleming, Fleming & Hernandez, Brownsville, for real party in interest.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

**OPINION**

Opinion by Justice HINOJOSA.

Relator, Burton, McCumber & Cortez, L.L.P. ("BMC"), has filed a petition for writ of mandamus, requesting that this Court order respondent, the Honorable Elia Cornejo–Lopez, presiding judge of the Cameron County Court at Law Number Two, to: (1) vacate her order requiring the real party in interest, Agustin Negrete ("Negrete"), to pay the American Arbitration Association ("AAA") only one-half of the fees and expenses of one arbitrator and BMC to pay AAA one-half of the fees and expenses of one arbitrator and the entire fees and expenses of the remaining two arbitrators; and (2) enforce her prior order requiring Negrete to pay one-half of the fees and expenses of all three arbitrators. Negrete has filed a response, and

BMC has filed a reply. *See* TEX.R.APP. P. 52.4, 52.5. Without hearing oral argument, we grant the petition in part and deny it in part. *See* TEX.R.APP. P. 52.8(c).

A. BACKGROUND

On October 29, 2001, BMC, an accounting firm, sued Negrete, a former partner in the firm, in the Cameron County Court at Law Number Two for breach of contract. The contract at issue is a partnership agreement which provides rules and procedures for a partner to leave the partnership. Section 26.5 of the agreement provides:

The law of the State of Texas shall govern all questions concerning the interpretation of this agreement and any claims or controversies which may arise hereunder or which may relate to this agreement. Except to the extent provided otherwise in this agreement, any claim or controversy arising out of or related to this agreement or the breach or alleged breach hereof shall be settled by arbitration under the Commercial Arbitration Rules of the American Arbitration Association then in effect. Such arbitrators are to be present or former Partners of an accounting firm.

Judgment on the award rendered by the arbitrator may be entered in any court of competent jurisdiction. The fees and expenses of the arbitrator and charges, if any, of the American Arbitration Association shall be shared equally by the parties to such arbitration.

On November 16, 2001, BMC asked the court to order arbitration, citing the above provision of the partnership agreement. Respondent signed an order granting arbitration on May 7, 2002. In a motion to compel filed on December 9, 2002, BMC asserted that Negrete had refused to comply with the court's order to arbitrate by

failing to pay his share of the arbitration fees and expenses as required by Section 26.5 of the partnership agreement, and that the AAA had suspended the arbitration, pending payment.

On March 5, 2003, respondent signed an order requiring Negrete to pay the AAA all fees, costs, and expenses required by the partnership agreement. When Negrete failed to comply with the March 5, 2003 order, BMC filed a motion to show cause why Negrete should not be held in contempt and sanctioned by the court.

A hearing on BMC's motion for contempt and for sanctions was held on May 14, 2003, and respondent found that Negrete had not complied with the March 5, 2003 order. However, respondent found that the amount Negrete had been ordered to pay was excessive. Respondent then ordered Negrete to pay one-half of the fees and expenses of one arbitrator and ordered BMC to pay the remaining half of that arbitrator's fees and expenses. Respondent also ordered BMC to pay all of the fees and expenses of the other two arbitrators.

### B. Standard of Review

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig. proceeding). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840. Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

### C. Law and Analysis

Arbitration is a creature of contract. *City of Alamo v. Garcia*, 878 S.W.2d 664, 665 (Tex.App.-Corpus Christi 1994, no writ). By consent, the parties to an arbitration agreement submit their controversy to arbitrators or judges they have voluntarily chosen "in substitution for the tribunals provided by the ordinary processes of the law." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). Thus, where a party contractually agrees to arbitrate a dispute, it waives its right to recourse in the courts. *D. Wilson Constr. Co. v. McAllen Ind. Sch. Dist.*, 848 S.W.2d 226, 231 (Tex.App.-Corpus Christi 1992, writ dism'd w.o.j.).

Texas law strongly encourages and favors arbitration. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex.1996) (orig. proceeding). Because arbitration is favored in the law, a presumption of arbitrability attaches once the existence of an arbitration agreement is established. *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996) (orig. proceeding); *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex.1995) (orig. proceeding). Further, a broad arbitration clause gives rise to a presumption in favor of arbitration. *In re Sun Communications, Inc.*, 86 S.W.3d 313, 318 (Tex.App.-Austin 2002, orig. proceeding). Any doubt as to whether a dispute falls within the scope of an arbitration clause is resolved in favor of arbitration. *Id.*

Because arbitration is an alternative forum, the Texas Arbitration Act has established boundaries limiting judicial involvement in the process. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–171.098 (Vernon 1997 & Supp.2003). When a trial court modifies the agreement of the parties concerning payment of fees and expenses of the arbitrators, it goes beyond

those boundaries. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.055 (Vernon Supp. 2003).

■■■ Arbitration agreements are interpreted by applying contract principles. *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex. App.-Houston [1st Dist.] 1995, no writ); *City of Alamo*, 878 S.W.2d at 665. A court cannot change an arbitration agreement merely because it or one of the parties disagrees with the agreement's provisions. *See Mewbourne Oil Co. v. Blackburn*, 793 S.W.2d 735, 737 (Tex.App.-Amarillo 1990, orig. proceeding) (parties having agreed upon qualifications of arbitrators, it is not function of court to change them or prescribe other qualifications).

■■ The firm's partnership agreement clearly states that "fees and expenses of the arbitrator ... shall be shared equally by the parties to such arbitration." Therefore, when respondent ordered Negrete to pay one-half of the fees and expenses of one arbitrator and ordered BMC to pay the remaining half of those fees and expenses, and further ordered BMC to pay all of the fees and expenses of the other two arbitrators, she failed to correctly analyze and apply the law, and she abused her discretion.

Accordingly, we hold that respondent abused her discretion in signing the May 14, 2003 order. We conditionally grant a writ of mandamus and direct respondent to vacate her order of May 14, 2003. The writ will issue only if respondent fails to vacate her order.

We further conclude that respondent abused her discretion by signing the March 5, 2003 order. The partnership agreement clearly provides that "any claim or controversy arising out of or related to this agreement or the breach or alleged breach hereof shall be settled by arbitra-

tion." Because Negrete's failure to pay his share of the arbitrators' fees and expenses falls within this category, we hold it is subject to review by the AAA, not by respondent.

We deny relator's request that we order respondent to enforce her March 5, 2003 order. Having concluded that Negrete's failure to pay his share of the arbitrators' fees and expenses is not subject to review by respondent, we are confident that respondent will also vacate her March 5, 2003 order.