In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-462 CV


____________________



IN RE KELLEY BROTHERS, INC.






Original Proceeding






MEMORANDUM OPINION (1)


 This is a petition for writ of mandamus brought by Kelley Brothers, Inc., to compel
the Honorable Donald J. Floyd to set aside his order granting a Motion for Stay of
Litigation and to Compel Arbitration, filed in Cause No. E-172,899 in the 172nd District
Court of Jefferson County, Texas. The trial court order stayed the entire action,
compelled the relator to commence arbitration before the American Arbitration
Association, and ordered the relator to pay all expenses of the arbitration and the litigation. 
The real parties in interest are Conex International Corporation, Mason Construction, Ltd,
and Motiva Enterprises. For the reasons stated herein, mandamus is conditionally granted
in part.


 The relator, Kelley Brothers, Inc. ("Kelley") filed a suit on account and breach of
contract against Conex International Corporation ("Conex") and Mason Construction, Ltd,
("Mason") and sought to foreclose a mechanic's and materialmen's lien against property
of Motiva Enterprises, LLC. ("Motiva"). The underlying dispute concerns a subcontract
between Kelley and Conex and a sub-subcontract agreement between Kelley and Mason
on a construction project at Motiva. The contract between Conex, as contractor, and
Kelley, as subcontractor, contained an arbitration clause, as follows:

 At Contractor's option, all claims, disputes, and other matters in
question arising out of or relating to, this Subcontract, or the breach thereof,
may be decided by Arbitration, which shall be conducted in accordance with
the Construction Industry Arbitration Rules of the American Arbitration
Association then in effect unless the parties mutually agree otherwise. 
Further, Subcontractor agrees that in the event Owner and Contractor are
involved in an Arbitration arising out of or relating to the Contract
Documents which pertains in whole or in part to work performed by
Subcontractor under this Subcontract, Subcontractor shall, by consolidation,
join in the said arbitration and any such claims, disputes or other matters
shall then be determined in the consolidated arbitration proceeding.


 The relator concedes the trial court could order arbitration, but contends the trial
court abused its discretion in specifying the American Arbitration Association. In
Ambulance Billings Systems, Inc. v. Gemini Ambulance Services, Inc., 103 S.W.3d 507,
515 (Tex. App.- San Antonio 2003, no pet.), the court held that a contractual agreement
to arbitrate in accordance with the Commercial Arbitration Rules of the American
Arbitration Association constituted an authorization for the American Arbitration
Association to administer the arbitration. The contract and rules in this case contain similar
language. Therefore, the trial court's designation of the American Arbitration Association
was not an abuse of discretion.

 Next, relator contends the trial court abused its discretion in ordering a stay of the
relator's debt claim against Mason and its foreclosure action against Motiva. Kelley
argues these claims are unrelated to its arbitrable claim against Conex. Mandamus will
issue when a trial court commits a clear abuse of discretion for which the relator has no
adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992). Incidental
pre-trial rulings are not subject to control by an appellate court absent a showing that there
is no adequate remedy by appeal. Abor v. Black, 695 S.W.2d 564, 566 (Tex.1985); Pope
v. Ferguson, 445 S.W.2d 950, 954 (Tex.1969). In this case, the relator has not
demonstrated sufficient grounds for reviewing the trial court's incidental ruling in an
extraordinary proceeding. 

 Lastly, Kelley contends the trial court erred as a matter of law and abused its
discretion in ordering the relator to pay "all expenses of the arbitration and this litigation." 
In its reply to the petition, Conex contends the trial court's authority to enter this order
arises from the following contract language: "Subcontractor agrees to pay Contractor all
reasonable attorney's fees and costs incurred by Contractor in the event Contractor seeks
to enforce any provision of this Subcontract whether by suit or arbitration." Kelley
complains, and we agree, that the contract clause only covers instances in which Conex
is the plaintiff or initiating party. The trial court has ordered Kelley to initiate arbitration
proceedings. "Because arbitration is an alternative forum, the Texas Arbitration Act has
established boundaries limiting judicial involvement in the process... . When a trial court
modifies the agreement of the parties concerning payment of fees and expenses of the
arbitrators, it goes beyond those boundaries." In re Burton, McCumber & Cortez, L.L.P.,
115 S.W.3d 235, 237-38 (Tex. App.- Corpus Christi 2003, orig, proceeding). Unless
otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, with
other expenses incurred in conducting the arbitration, shall be paid as provided in the
award. Tex. Civ. Prac. & Rem. Code Ann. § 171.055 (Vernon Supp. 2005). Having
ordered the relator to initiate arbitration proceedings, the trial court must leave the matter
of fees and expenses to the arbitrator.

 We hold that respondent abused its discretion in taxing all expenses to the relator. 
We conditionally grant a writ of mandamus and direct respondent to vacate that part of 
the September 21, 2004 order which required Kelley Brothers, Inc. to pay all expenses of
the arbitration and this litigation. The writ will issue only if respondent fails to comply
with this opinion.

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Opinion Delivered December 2, 2004 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.