NUMBER 13-04-00550-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________
 

IN RE MISSION PETROLEUM CARRIERS, INC. 

__________________________________________________________________

On Petition for Writ of Mandamus
___________________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Wittig


 
Memorandum Opinion




         Mission Petroleum Carriers, Inc. (“Mission”) transports various chemical and
petroleum products across state lines. Linda Garcia, who worked for Mission as a
truck driver, was injured in a vehicular accident in the course of her employment. 
Mission determined that the accident was a “major preventable accident” and
terminated Garcia under a company policy calling for dismissal of any employee who
causes a major preventable accident. 
         Garcia brought suit against Mission alleging that she was terminated in
retaliation for filing a workers’ compensation claim for the injuries she received in the
accident. Mission moved to compel arbitration of Garcia’s claims pursuant to an
agreement to arbitrate contained within Mission’s employee health and safety plan.
Following a hearing, the trial court denied the motion to compel arbitration. 
         Relator, Mission Petroleum Carriers, Inc., filed a petition for writ of mandamus
and an emergency motion for temporary relief in the above cause on October 21,
2004. The Court granted the motion for temporary relief, ordered all trial court
proceedings stayed, and requested a response from the real party in interest, Linda
Garcia. Having reviewed the petition, response, and reply, we conclude the trial court
erred in denying the motion to compel arbitration; therefore, we conditionally grant the
writ of mandamus.
Background
         The facts of this original proceeding are known to the parties so we do not
recite them here. Further, because all dispositive issues are clearly settled in law, we
issue this memorandum opinion and order pursuant to Texas Rules of Appellate
Procedure 47.1 and 52.8(d). See Tex. R. App. P. 47.1, 52.8(c), (d).
Jurisdiction 
         Mandamus is the proper means to review an order denying a motion to compel
arbitration under the Federal Arbitration Act (“FAA”). In re American Homestar of
Lancaster, Inc., 50 S.W.3d 480, 483 (Tex. 2001).
Standard of Review
         When a trial court erroneously denies a party's motion to compel arbitration
under the FAA, the movant has no adequate remedy at law and is entitled to a writ of
mandamus. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001) (orig.
proceeding). A party seeking to compel arbitration by mandamus must first establish
the existence of an arbitration agreement subject to the FAA. Id. Once the movant
establishes an agreement, the court must then determine whether the arbitration
agreement covers the nonmovant's claims. Id. Because state and federal policies
continue to favor arbitration, a presumption exists favoring agreements to arbitrate
under the FAA, and courts must resolve any doubts about an arbitration agreement's
scope in favor of arbitration. Id. Once the trial court concludes that the arbitration
agreement encompasses the claims, and that the party opposing arbitration has failed
to prove its defenses, the trial court has no discretion but to compel arbitration and
stay its own proceedings. Id. at 753-54. The trial court's determination of the
arbitration agreement's validity is a legal question subject to de novo review. J.M.
Davidson, Inc. v. Webster, 128 S.W.3d at 223, 227 (Tex. 2003); In re Kellogg Brown
& Root, 80 S.W.3d 611, 615 (Tex. App.–Houston [1st Dist.] 2002, orig. proceeding).
Analysis
         A party seeking to compel arbitration must (1) establish the existence of an
arbitration agreement and (2) show that the claims asserted fall within the scope of
that agreement. In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.
1999); In re C & H News Co., 133 S.W.3d 642, 645 (Tex. App.–Corpus Christi 2003,
orig. proceeding). In the instant case, Mission offered its employees a health and
safety plan which incorporated an arbitration agreement. Garcia joined the plan and
signed the agreement. As part of the plan, Garcia “agree[d] to use the arbitration
procedures described in the Plan,” and agreed to submit certain claims for “binding
arbitration under the Federal Arbitration Act . . . .” Garcia’s arguments below and on
appeal do not deny the existence of this agreement. Accordingly, we conclude that
Mission has established the existence of a valid arbitration agreement. 
         To determine whether a claim falls within the scope of an arbitration agreement,
we examine the terms of the agreement and the factual allegations in the petition. 
Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d 494, 498 (Tex. App.–San Antonio 2000,
orig. proceeding). If the facts alleged in the petition “touch matters” addressed in the
contract, have a “significant relationship” to the contract, or are “factually
intertwined” with the contract, the claim is arbitrable. Id. In pertinent part, the
arbitration agreement at issue provides for binding arbitration of those “disputes
regarding employment discrimination (including wrongful discharge) in relation to an
injury.” 
         Garcia contends that her claims do not fall within the scope of the agreement
because she was terminated for pursuing her workers compensation claim, not for her
injury or for employment discrimination. We disagree. In Garcia’s pleadings, she
alleges that Mission violated the Texas Labor Code by terminating her for filing a
workers’ compensation claim in good faith. We find this allegation to be effectively
synonymous with a claim for wrongful discharge and therefore conclude that Garcia’s
claims fall within the scope of the arbitration agreement. Moreover, we note that the
plan expressly provides that the determination of whether a claim is covered by the
arbitration policy is also subject to arbitration. Further, we resolve all doubts about the
scope of the arbitration clause in favor of arbitration. In re Burton, McCumber &
Cortez, L.L.P., 115 S.W.3d 235, 237 (Tex. App.–Corpus Christi 2003, orig.
proceeding). 
         Mission has established the existence of an arbitration agreement and shown
that the claims asserted fall within the scope of that agreement. In re Oakwood
Mobile Homes, Inc., 987 S.W.2d at 573. As her primary defense to enforcement of
the agreement, Garcia contends that she is excluded from application of the FAA
because she is a truck driver engaged in interstate commerce. The FAA does not
apply “to contracts of employment of seamen, railroad employees, or any other class
of workers engaged in foreign or interstate commerce.” 9 U.S.C. § 1; see Circuit City
Stores v. Adams, 532 U.S. 105, 112 (2000). This provision has been interpreted to
exempt workers actually employed in the transportation industry, or workers engaged
in the actual movement of goods in interstate commerce. BWI Cos. v. Beck, 910
S.W.2d 620, 622 (Tex. App.–Austin 1995, orig. proceeding) (citing Hampton v. ITT
Corp., 829 F. Supp. 202, 203 (S.D.Tex. 1993)); White-Weld & Co. Inc. v. Mosser,
587 S.W.2d 485, 487 (Tex Civ. App.–Dallas 1979, writ ref'd n.r.e.). Truck drivers
have been determined to fall within this category as workers engaged in foreign or
interstate commerce. Gagnon v. Serv. Trucking, Inc., 266 F. Supp. 2d 1361, 1364
(M.D. Fla. 2003)(citing Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001);
American Postal Workers Union, AFL-CIO v. United States Postal Service, 823 F.2d
466 (11th Cir. 1987)). Nevertheless, the arbitration clause at issue is found in the
Mission employee health and safety plan, rather than an employment contract. The
health and safety plan itself explicitly states that it is not a contract of employment
and provides that an employee’s status does not change if the employee accepts or
rejects plan benefits. Accordingly, Garcia is not exempt from application of the FAA
pursuant to section one of the FAA, which applies to arbitration agreements found in
“contracts of employment.” See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500
U.S. 20, 25 n.2 (1991) (refusing to find securities registration applications were
contracts of employment for purposes of exclusion); Williams v. Cigna Fin. Advisors,
Inc., 56 F.3d 656, 660 (5th Cir. 1995) (same). 
         Garcia further claims that the arbitration agreement is unenforceable because
the agreement was unconscionable and constituted a contract of adhesion. Garcia’s
contentions are supported by little argument and no authority or evidence. 
Accordingly, Garcia failed to meet her burden to prove these defenses to the
arbitration agreement. In re Oakwood Mobile Homes, Inc., 987 S.W.2d at 574
(finding plaintiffs “did not present the trial court with evidence of unconscionability or
duress in their affidavits”); Tenneco Oil Co. v. Gulsby Eng'g, Inc., 846 S.W.2d 599,
604 (Tex. App.–Houston [14th Dist.] 1993, writ denied) (finding plaintiffs failed to
raise fact issue as to duress). 
Conclusion
         Mission established the existence of an arbitration agreement and Garcia failed
to establish any viable defenses to the arbitration provision. Therefore, the trial court
erred by refusing to compel arbitration. The writ is CONDITIONALLY GRANTED. See
Tex. R. App. P. 52.8(c). The temporary stay is LIFTED. We direct the trial court to
withdraw its October 11, 2004 order denying Mission’s motion to compel arbitration.
If the trial court does not do so within ten days of this order, we will issue the writ.

                                                                
                                                                    DON WITTIG
                                                                                  Assigned Justice


Memorandum Opinion delivered and filed
this 11th day of February, 2005.