ACCEPTED
05-15-00669-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
7/9/2015 8:29:14 AM
LISA MATZ
CLERK

**Case No. 05-15-00669-CV**

THE COURT OF APPEALS FOR THE FIFTH DISTRICT
DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
7/9/2015 8:29:14 AM
LISA MATZ
Clerk

**STAR SYSTEMS INTERNATIONAL, LMIITED,**

*Appellant,*

**v.**

**3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,**

*Appellees.*

**Interlocutory Appeal from Cause No. 401-01813-2014**
**401st Judicial District Court, Collin County, Texas**
**Honorable Mark Rusch, Presiding**

**APPELLANT'S BRIEF**

Respectfully submitted,

*/s/ Blake L. Beckham*
Blake L. Beckham
State Bar No. 02016500
blake@beckham-group.com
Jose Portela
State Bar No.  90001241
jose@beckham-group.com
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-9300

Facsimile: 214-965-9301

**AND**

Maricela Siewczynski Moore
State Bar No. 24032753
maricela@maricelamoorelaw.com
Law Office of Maricela Moore PLLC
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-5123
Facsimile: 214-965-9301

**COUNSEL FOR LOCKHART
AND STAR SYSTEMS
INTERNATIONAL LIMITED**

**ORAL ARGUMENT
REQUESTED**

**IDENTITY OF PARTIES AND COUNSEL**

The following is a complete list of all parties before the Trial Court and the names and addresses of all Trial Counsel and Appellate Counsel:

1.      Defendant **Star System International Limited** (Appellant in this Court)

represented by:

Blake L. Beckham
State Bar No. 02016500
blake@beckham-group.com
Jose Portela
State Bar No.  90001241
jose@beckham-group.com
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-9300
Facsimile:  214-965-9301

Maricela Siewczynski Moore
State Bar No. 24032753
maricela@maricelamoorelaw.com
Law Office of Maricela Moore PLLC
400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-5123
Facsimile: 214-965-9301

2.      Defendant **Stephen Lockhart** (not a party to this appeal)

represented by:

Blake L. Beckham
State Bar No. 02016500
blake@beckham-group.com

Jose Portela
State Bar No.  90001241
jose@beckham-group.com
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-9300
Facsimile:  214-965-9301

Maricela Siewczynski Moore
State Bar No. 24032753
maricela@maricelamoorelaw.com
Law Office of Maricela Moore PLLC
400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-5123
Facsimile: 214-965-9301

3.      Plaintiffs **3M Company and 3M Innovative Properties Company**
(Appellee in this Court)

represented by:

William A Brewer III
State Bar No. 02967035
wab@brewerattorneys.com
Farooq Tayab
State Bar No. 24063028
fat@brewerattorneys.com
Jack G.B. Ternan
State Bar No. 24060707
JGT@brewerattorneys.com
Brewer Attorneys and Counselors
4800 Comerica Tower
1717 Main Street
Dallas, Texas 75201
Telephone:  214-653-4000
Facsimile:  214-653-1014

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………………….i

TABLE OF CONTENTS................................................................................................iii

INDEX OF AUTHORITIES……………………...…………………....…....iv

STATEMENT OF THE CASE…………………………………………………….v

STATEMENT REGARDING ORAL ARGUMENT………………………..vi

STATEMENT OF JURISDICTION………………………………………………vi

ISSUES PRESENTED……………………………………………………...vii

STATEMENT OF THE FACTS………………………………………………vii

SUMMARY OF THE ARGUMENT…………………………………………1

ARGUMENT……………………………………………………….…3

A.      The Court Should Apply the Abuse of Discretion Standard of Review When Considering Whether the Trial Court Committed Reversible Error………...3

B.      The Trial Court Committed Reversible Error When It Refused to Compel to Arbitration Appellees' Claims that are Factually Intertwined with Appellees' Arbitrable Claims………………………………………………………....3

C.      The Trial Court Committed Reversible Error When it Refused to Stay Litigation of Appellees' Claims that Address the Same Issues as Appellees' Claims that Were Compelled to Arbitration……………………………………9

PRAYER……………………………………………………………………….13

CERTIFICATE OF SERVICE…………………………………………………14

CERTIFICATE OF COMPLIANCE…………………………………………..14

# INDEX OF AUTHORITIES

## CASES

*In re Merrill Lynch Trust Co FSB*, 235 S.W.3d 185 (Tex. 2007)…………….…...3, 9

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749 (Tex. 2001)….…………..…….…......4

*Prudential Sec. v. Marshall*, 909 S.W.2d 896 (Tex. 1995)……………………...…4

*Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266 (Tex. 1992)…………………....4, 5

*Waisath v. Lack's Stores*, 474 S.W.2d 444, 447 (Tex. 1971)…………...…….…5

*Cleveland Constr., Inc. v. Levco Constr., Inc.*, 359 S.W.3d 843
(Tex. App.—Houston [1ˢᵗ Dist.] 2012, pet. dism'd)…………….....…….….……3

*Ascendant Anesthesia PLLC v. Abazi*, 348 S.W.3d 454
(Tex. App.—Dallas 2011, no pet.)………….…………………….…………...3, 5

*Weekley-Homes LP v. Rao*, 336 S.W.3d 413
(Tex. App.—Dallas 2011, pet. denied)……………………………………….vi

*Gray Wireline Serv. v. Cavanna*, 374 S.W.3d 464
(Tex. App.—Waco 2011, no pet.)……………………………………………....9

*In re Sun*, 86 S.W.3d 313 (Tex. App.—Austin 2002, no pet.)……………..……..8

*In re Western Dairy Transp., LLC*, No. 08-13-00190-CV, 2014 Tex. App. LEXIS
8361 (Tex. App.—El Paso July 30, 2014, no pet.)……………………..vi

## STATUTES AND RULES

9 U.S.C. § 16(a)(1)……………………………………………..…….vi

TEX R. APP. P. 28.1……………………………………………….…..vi

TEX. CIV. PRAC. & REM. CODE §51.016………………………………….. vi

TEX. CIV. PRAC. & REM. CODE §134A.002…………………………….……...7

# STATEMENT OF THE CASE

*Nature of the Case:*  Appellees filed suit against Appellant alleging that Appellant obtained their confidential information from Appellees' former consultants. Appellees asserted claims against Appellant for tortious interference with the former consultants' confidentiality agreements, conspiracy to tortiously interfere with the former consultants' confidentiality agreements, conversion of Appellant's confidential information, and violation of the Texas Uniform Trade Secrets Act.

*Parties:*  Appellant is Star Systems International Limited.

Appellees are 3M Company and 3M Innovative Properties Company.

*Course of Proceedings:*  On April 22, 2015, Appellant filed a motion to compel Appellees' claims to arbitration and to stay the proceeding on the basis that the former consultants' confidentiality agreements contained mandatory arbitration provisions. (CR at 67-112.)

*Trial Court*  401st Judicial District Court, Collin County, Texas

*Trial Court Disposition:*  The Trial Court ordered Appellees to arbitrate their claims that Appellant interfered with the Confidentiality Agreements between Appellees and some of Appellant's former consultants. The Trial Court also denied Appellant's request that the Court compel to arbitration Appellees' claims that Appellant conspired to tortiously interfere with the Confidentiality Agreements, and that the use of Appellees' allegedly confidential information constitutes conversion and a violation of the Texas Uniform Trade Secrets Act. The Court also denied Appellant's request that the trial court stay the proceedings pending arbitration of Appellees' arbitrable claims.

## RECORD AND APPENDIX REFERENCES

References to the Clerk's Record and Reporter's Record in this Brief are to page numbers. Clerk's Record references are abbreviated by page number as "CR." Reporter's Record references are abbreviated by page number as "RR."

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes oral argument would be helpful to the Court in resolving the merits of this interlocutory appeal involving important issues pertaining to arbitrability and stay of proceedings and hereby requests oral argument.

## STATEMENT OF JURISDICTION

This is an accelerated, interlocutory appeal pursuant to Texas Rule of Appellate Procedure 28.1, Texas Civil Practice and Remedies Code § 51.016, and 9 U.S.C. § 16(a)(1). *See Weekley-Homes LP v. Rao*, 336 S.W.3d 413, 418 (Tex. App.—Dallas 2011, pet. denied) (court has jurisdiction over appeal of order denying motion to compel arbitration when the parties agree to arbitrate subject to the FAA or when the transaction at issue affects or involves interstate commerce).

In the alternative, this is a writ of mandamus. *See In re Western Dairy Transp., LLC*, No. 08-13-00190-CV, 2014 Tex. App. LEXIS 8361, at *2-3 (Tex. App.—El Paso July 30, 2014, no pet) ("Mandamus is the appropriate procedure by which [the court of appeals] may review the trial court's ruling on a motion to compel arbitration under the common law.").

**ISSUES PRESENTED**

1. Did the trial court commit reversible error when it held that Appellees' claims for conversion, conspiracy to tortiously interfere with the Confidentiality Agreements, and claims for violation of the Texas Uniform Trade Secrets Act were not factually intertwined with Appellees' claims for tortious interference with the Confidentiality Agreements and on that basis denied Appellant's request to compel Appellees' claims to arbitration?

2. Did the Trial Court commit reversible error when it held that Appellees' claims against Lockhart and their claims that Appellant tortiously interfered with the Karr Consulting Agreement did not address the same issues as the arbitrable claims for tortious interference with the Confidentiality Agreements?

**STATEMENT OF THE FACTS**

This lawsuit arises from a dispute over whether certain of Appellees' former employees and consultants shared Appellees' confidential information with Appellant in violation of their respective confidentiality agreements. Originally, this lawsuit was filed by Appellees against their former employee Stephen Lockhart ("Lockhart") who they alleged violated his non-compete and confidentiality agreements when he resigned from Appellees' employment. (CR at

28.) After his resignation, Lockhart joined Appellant as its Chief Technology Officer (CR at 31.)

On January 23, 2015, Appellees added Appellant as a party and asserted that Appellant obtained Appellees' confidential information not only from Lockhart, but also from Appellees' former consultants Chris Cheung ("Cheung"), Robert Karr ("Karr"), Jet Lai ("Lai"), Darko Shyur ("Shyur"), and Ava Tang ("Tang").[1] Cheung, Tang, Lai, and Shyur signed Confidentiality Agreements that prohibited them from disclosing or using Appellees' confidential information. (CR at 82, 88, 94.)

Pursuant to the Confidentiality Agreements, the definition of "confidential information" includes: "trade secrets, inventions, innovations, processes, information, legal documents, financial records, specifications, and other confidential, proprietary, and privileged information owned or licensed by Company and/or used by Company in connection with the scope of work set forth in Exhibit "A" or in connection with the general operation of Company's business. (CR at 82, 88, 94.) The Confidentiality Agreement also contain broad arbitration provisions, which provide: "Any controversy arising out of the terms of this Agreement or its interpretation shall be settled and resolved in the State of California, County of Orange, in accordance with the rules of the American

---

[1] Cheung, Karr, Lai, Tang, and Shyur are collectively referred to herein as "Former Consultants."

Arbitration Association, and the judgment upon award may be entered in any court having jurisdiction over such controversy. (CR at 83, 89, 95.)

Karr also signed a Confidentiality Agreement, however, the one upon which Appellees rely to support their claims does not contain an arbitration provision. (CR at 100-105).[2]

On April 22, 2015, Appellant filed a motion to compel to arbitration Appellees' claims against Appellant on the basis that Appellees were equitably estopped from refusing to arbitrate their claims that rely upon the Confidentiality Agreements or are intertwined with claims that rely upon the Confidentiality Agreements (CR at 67-79.).

On May 7, 2015, the trial court granted in part Appellant's motion to compel arbitration finding that the Confidentiality Agreements executed by Cheung, Lai, Tang, and Shyur contained mandatory arbitration provisions that required Appellees to arbitrate their claims for tortious interference with the Confidentiality Agreements because the claims related to the agreements executed by Cheung, Lai, Tang, and Shyur. (CR at 133-135). The trial court also denied in part the motion

---

[2] On March 11, 2015, Appellee filed a counterclaim requesting the trial court declare that the Karr Confidentiality Agreement upon which Appellees rely was superseded by a second agreement, which does not have a confidentiality agreement that survived the termination of Karr's engagement as a consultant, and that the agreement upon which Appellees rely is of no force or effect. (CR at 61-66, 107-112.) The trial court has not adjudicated Appellant's counterclaim. Therefore, for purposes of this appeal, Appellant refers to the Karr Confidentiality Agreement pled by Appellees.

to compel arbitration finding that Appellees' claims relating to the alleged disclosure of confidential information by Karr in violation of his Confidentiality Agreement, as well as Appellees' claims for conspiracy to tortiously interfere with all of the Confidentiality Agreements, conversion of Appellees' confidential information, and violation of the Texas Uniform Trade Secrets Act "blend in [with the claim for tortious interference with the Confidentiality Agreements, but], they are easily separable."  (RR at 15, CR at 133-135.)

The trial court also denied Appellant's request to stay the litigation of the following claims:  Appellees' claims relating to the Karr Confidentiality Agreement; claims asserting that the use by Appellant of confidential information that it obtained from Cheung, Lai, Tang, and Shyur constituted conversion, conspiracy to tortiously interfere with the Confidentiality Agreements, and a violation of the Texas Uniform Trade Secrets Act; and their claims against Lockhart for disclosing Appellees' confidentiality information to Appellant and breaching his non-compete agreement.  (CR at 133-135.)

This interlocutory appeal arises from the trial court's denial of Appellant's request to compel to arbitration all claims that are factually intertwined with Appellees' claims for tortious interference with the Confidentiality Agreements executed by Cheung, Lai, Tang, and Shyur, and its denial of Appellant's request to stay these proceeding pending an arbitration of the arbitrable claims.

## SUMMARY OF THE ARGUMENT

The trial court's denial in part of the Motion to Compel Arbitration and Stay the Proceedings constitutes reversible error because Appellees' claims that the trial court refused to compel to arbitration are factually intertwined with the claims that the trial court compelled to arbitration. The trial court compelled to arbitration Appellees' claims for tortious interference with the Confidentiality Agreements executed by Cheung, Lai, Tang, and Shyur. Those claims cannot be properly adjudicated in arbitration if at the same time Appellees' claims that Appellant conspired to tortiously interfere with the Confidentiality Agreements executed by Cheung, Lai, Tang, and Shyur, as well as their claims for conversion and violation of the Texas Uniform Trade Secrets Act (claims that rely upon the disclosure of the same confidential information that is allegedly protected by the Confidentiality Agreements) are ordered to proceed in the trial court in a parallel proceeding.

The trial court also committed reversible error in denying Appellant's request to stay the litigation of claims that address the same issues as the claims that the trial court ordered to arbitration. The trial court compelled to arbitration Appellees' claims that Appellant tortiously interfered with the Confidentiality Agreements executed by Appellees' former consultants Cheung, Lai, Tang, and Shyur, but at the same time refused to stay the litigation of Appellees' claim that Appellants tortiously interfered with the Confidentiality Agreement executed by

1

Appellees' former consultant Karr. Appellees make no factual distinction between their allegations that Appellant interfered with the Confidentiality Agreements executed by Cheung, Lai, Tang, and Shyur, versus their allegations that Appellant interfered with the Confidentiality Agreement executed by Karr. Therefore, allowing their claims relating to the Karr Confidentiality Agreement to proceed in the trial court while Appellees tortious interference claim, as they relate to the Confidentiality Agreements executed by Cheung, Lai, Tang, and Shyur, to proceed in arbitration will render the arbitration moot.

Also, allowing Appellees' claims against Lockhart, as well as their claims for conspiracy to tortiously interfere with the Confidentiality Agreements, conversion, and violation of the Texas Uniform Trade Secrets Act to proceed before the arbitration is completed will render moot the arbitration of Appellees' claims for tortious interference with the Confidentiality Agreements executed by Cheung, Lai, Tang, and Shyur.

For these reasons, Appellant request that the Court reverse the trial court's order Denying in Part the Motion to Compel Arbitration and Stay the Proceedings, order the trial court to compel to arbitration all of Appellees' claims for conspiracy to tortiously interfere with the Confidentiality Agreements, conversion, and violation of the Texas Uniform Trade Secrets Act, and stay the proceedings of all other claims asserted in the trial court.

2

## ARGUMENT

### A. The Court Should Apply the Abuse of Discretion Standard of Review When Considering Whether the Trial Court Committed Reversible Error.

Texas courts apply the abuse of discretion standard of review when considering whether a trial court committed reversible error in denying a motion to compel arbitration. *See Cleveland Constr., Inc. v. Levco Constr., Inc.*, 359 S.W.3d 843, 851 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd). Texas courts also apply the abuse of discretion standard of review when considering whether a trial court committed reversible error in denying a motion to stay litigation pending the outcome of arbitration. *See In re Merrill Lynch Trust Co FSB*, 235 S.W.3d 185, 188, 196 (Tex. 2007).

In applying this standard, the Court gives deference to the trial court's factual determinations and reviews its legal conclusions *de novo*. *See Cleveland Constr., Inc.*, 359 S.W.3d at 851. "Whether an arbitration clause imposes a duty to arbitrate is a matter of contract interpretation and a question of law for the court to review *de novo*." *Ascendant Anesthesia PLLC v. Abazi*, 348 S.W.3d 454, 458 (Tex. App.—Dallas 2011, no pet.). In a *de novo* review, the trial court's decision is given absolutely no deference. *Id*. at 348.

### B. The Trial Court Committed Reversible Error When It Refused to Compel to Arbitration Appellees' Claims that are Factually Intertwined with Appellees' Arbitrable Claims.

It is well settled that arbitration is strongly favored under federal and state

3

law. *See Prudential Sec. v. Marshall*, 909 S.W.2d 896,898 (Tex. 1995). "The policy in favor of enforcing arbitration agreements is so compelling that a court should not deny arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Id.* at 899. A party seeking to compel arbitration must show: (1) the existence of a valid arbitration agreement, and (2) that the dispute falls within the scope of the agreement. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001). In making such determination, courts focus on the factual allegations, rather than the legal causes of action asserted. *See Marshall*, 909 S.W.2d at 900. If a claim is factually intertwined with arbitrable claims, the parties should be compelled to arbitrate their dispute even if the dispute is grounded in a legal theory distinct from a breach of contract claim. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 270 (Tex. 1992).

The trial court ordered Appellees' claims for tortious interference with the Former Consultants' Confidentiality Agreements to be adjudicated in arbitration (CR at 134, RR at 15.) Importantly, Appellees do not appeal the trial court's finding on the enforceability and applicability of the Confidentiality Agreements. Therefore, there is no dispute that the arbitration agreements at issue are enforceable against Appellees and require that all claims within their scope, as well as those claims that are factually intertwined, be adjudicated in arbitration.

4

The issue before this Court is whether the trial court committed reversible error when it held that Appellees' claims for conspiracy to tortiously interfere with the Confidentiality Agreements, conversion, and violation of the Texas Uniform Trade Secrets Act are not factually intertwined with their claims for tortious interference with the Confidentiality Agreements because, as the trial court noted, although they "blend," they are "easily separable[.]" (RR at 15.)

When evidence to support arbitrable claims is the same evidence that is relevant to the claims that are not grounded in contract, the claims are factually intertwined and should all be determined in arbitration. *See Tipps*, 842 S.W.2d at 271 (although misrepresentation claims are grounded in legal theories distinct from the contract claims, claims are factually intertwined because the same evidence will be required to support DTPA and breach of contract claims); *see also Ascendant Anesthesia PLLC*, 348 S.W.3d at 462 ("To be within the scope of an arbitration provision, the allegations need only be factually intertwined with arbitrable claims or otherwise touch upon the subject matter of the agreement containing the arbitration provision.").

Appellees assert in support of their tortious interference with existing contract claims that Appellant interfered with the Former Consultants' Confidentiality Agreements by using Appellees' "confidential information," as that term is defined. (CR at 39). "Confidential information" as used in the

Confidentiality Agreements means: "trade secrets, inventions, innovations, processes, information, legal documents, financial records, specifications and other confidential, proprietary and privileged information owed or licensed by [Appellees], and/or used by [Appellees] in connection with the scope of work set forth in 'Exhibit A' or in connection with the general operation of [Appellees'] business." (CR at 25, 42.) Therefore, to prevail on their claim for tortious interference with the Confidentiality Agreements, Appellees will have to present evidence that Appellant used their trade secrets, inventions, processes, information, legal documents, financial records, specifications, and other confidential and proprietary information. This is the same evidence that Appellees will be required to present to support their claims for conversion, conspiracy, and violation of the Texas Uniform Trade Secrets Act.

To prevail on their conversion claim, Appellees must prove that Appellant exercised unauthorized and unlawful control over Appellees' personal property to the exclusion or inconsistent with Appellees' rights. *See Waisath v. Lack's Stores*, 474 S.W.2d 444, 447 (Tex. 1971) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another which is to the exclusion of, or inconsistent with, the owner's rights). The "property" that Appellees assert Appellant converted is the information that is covered by the Confidentially Agreements' definition of "confidential

6

information."   (CR at 42) ("[Appellant] assumed and exercised the right of ownership over confidential and proprietary information, trade secrets, and tangible property belonging to [Appellees] to the exclusion of [Appellees'] rights.").   Therefore, Appellees will attempt to rely upon the same evidence to support their claims for tortious interference with the Confidentiality Agreements and for conversion.

The Texas Uniform Trade Secrets Act makes it unlawful for a party to acquire a "trade secret" of another if the party knows or has reason to know that the trade secret was acquired by "improper means."  TEX. CIV. PRAC. & REM. CODE § 134A.002(3)(A).  The term "trade secret" is defined by the Texas Uniform Trade Secrets Act to mean:  "information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers. . . ."  TEX. CIV. PRAC. & REM. CODE § 134A.002(6).    The    term    "improper    means"    includes    theft,    bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret, or espionage through electronic or other means."  TEX. CIV. PRAC. & REM. CODE § 134A.002(2). Appellees allege that Appellant is in violation of the Texas Uniform Trade Secrets Act because it acquired Appellees' "trade secrets" that Appellant obtained from the Former Consultants who allegedly breached their Confidentiality Agreements.

(CR at 41) ("[Appellant] acquired, disclosed and used [Appellees'] trade secrets by improper means, in that it took trade secrets known by Lockhart and the Former Consultants and used them to its benefit."). Therefore, to prove their claim, Appellees will seek to present evidence that the Former Consultants breached the Confidentiality Agreements and disclosed the allegedly confidential and proprietary information protected by those agreements. This is the same evidence that Appellees will seek to rely upon to support their claim for tortious interference with the Confidentiality Agreements.

In support of their conspiracy claim, Appellees allege that Appellant and Lockhart conspired to interfere with the Former Consultants' Confidentiality Agreements. (CR at 45). Therefore, to prove their conspiracy claim, Appellees will have to prove that Appellant, in fact, interfered with the Confidentiality Agreement. The evidence that Appellees will attempt to present to support their tortious interference with a contract claim is the exact same evidence that it will seek to rely upon to support their claim for conspiracy to tortiously interfere with the Confidentiality Agreements.

The complete overlap of factual issues mandates that Appellees adjudicate their conspiracy, conversion, and violation of Texas Uniform Trade Secrets Act claims in arbitration. *See In re Sun*, 86 S.W.3d 313, 318 (Tex. App.—Austin 2002, no pet.) (tort claims are intertwined with arbitrable claims when they are factually

based entirely upon the same alleged acts).

**C.      The Trial Court Committed Reversible Error When it Refused to Stay Litigation of Appellees' Claims that Address the Same Issues as Appellees' Claims that Were Compelled to Arbitration.**

"Both the Federal and Texas Arbitration Acts require courts to stay litigation of issues that are subject to arbitration." *In re Merrill Lynch Trust Co.*, 235 S.W.3d 185, 194 (Tex. 2007). "Without such a stay, arbitration would no longer be the rapid, inexpensive alternative to traditional litigation it was intended to be so long as one could find a trial judge willing to let the litigation proceed for a while." *Id.* (internal quotation omitted). "Thus, when an issue is pending in both arbitration and litigation, the Federal Arbitration Act generally requires the arbitration to go forward first. [A]rbitration should be given priority to the extent it is likely to resolve issues material to this lawsuit." *Id.* (internal quotation omitted). "Even when a party has brought arbitrable claims against one party and claims not subject to arbitration against another party in the same lawsuit, courts should stay all litigation if the collateral litigation addresses the same issues as arbitration which threatens to render the arbitration moot." *See Gray Wireline Serv. v. Cavanna*, 374 S.W.3d 464, 472 (Tex. App.—Waco 2011, no pet.) (citing *Merrill Lynch Trust*, 235 S.W.3d at 195-196)).

This case arises from Appellees' assertion that Lockhart and the Former Consultants had access to 3M's technical knowledge, product information, pricing information, and customer information, and that they shared this information with

9

Appellant. (CR at 20-21, 41.) (First Am. Pet., ¶¶ 27-29, 108). Appellees assert that when the Former Consultants shared Appellees' information with Appellant, they breached the Confidentiality Agreements. Appellees rely on the Former Consultants' purported contract breaches to support their claims against Appellant under various causes of action. (CR at 25-26, 39-40, 41, 42, 45.) (First Am. Pet., ¶¶ 40-43, 100-102, 107-108, 113, 129).

The trial court correctly held that Appellees' claims that Appellant tortiously interfered with Cheung, Lai, Tang, and Shyur's Confidentiality Agreements must be determined by arbitration. Therefore, Appellees' claims that Appellant tortiously interfered with the Confidentiality Agreements executed by Tang, Cheung, Shyur, and Lai were compelled to arbitration, and all discovery and proceedings relating to the alleged interference by Appellant with the Confidentiality Agreements executed by Tang, Cheung, Shyur, and Lai's Confidentiality Agreements were stayed. (CR at 134.)

The trial court did not compel to arbitration or stay Appellees' claims that Appellant interfered with Karr's Confidentiality Agreement because the Confidentiality Agreement upon which Appellees rely in support of their claim that

Appellant interfered with Karr's confidentiality obligations does not contain an arbitration agreement. (CR at 43.)[3]

The practical result of the trial court's order is that the exact same arbitrable tortious interference claims will be adjudicated in parallel proceedings: claims relating to Tang, Cheung, Shyur, and Lai's Confidentiality Agreements will be determined in arbitration while claims relating to Karr's Confidentiality Agreement will proceed in the trial court. Also, although the court stayed the discovery and proceedings relating to Tang, Cheung, Shyur, and Lai, it did not stay any of the discovery or proceedings relating to Karr. (CR at 134.) The stay as currently in effect creates a quagmire and renders moot the arbitration proceeding because Appellees do not distinguish their claims between Karr and the other Former Consultants. (CR at 19) (defining the term "Former Consultants" to include Cheung, Karr, Lai, Shyur, and Tang); (CR at 19) (alleging that Appellant misused Confidential Information from the "Former Consultants," including Karr); (CR at 41) (alleging in support of violation of Texas Uniform Trade Secret Act claim that "Former Consultants," including Karr, breached their duties and shared confidential information with Appellant); (CR at 42) (alleging in support of conversion claim that

---

[3] Appellant filed a counterclaim seeking a declaration that the contract on which Appellees rely is not the controlling agreement between Appellees and Karr. However, that claim has not been adjudicated, and therefore, for purposes of this appeal, Appellant will refer to the agreement on which Appellees rely. (CR at 61-66.)

11

Appellant used confidential information that it obtained from "Former Consultants," including Karr); (CR at 45) (alleging in support of their conspiracy claim that Lockhart and Appellant conspired to use Appellees' confidential information in violation of the Confidentiality Agreements executed between Appellees and "Former Consultants," including Karr).

Allowing the trial court proceedings to continue also renders moot the claims that are arbitrable because Appellees' claims that Lockhart shared confidential information with Appellant will proceed without allowing a complete determination of whether Appellant rightfully obtained the "confidential information" at issue from Tang, Cheung, Shyur, and Lai.[4]

For the reasons stated above, all claims by Appellees against Appellant and Lockhart should be stayed pending the arbitration of Appellees' arbitrable claims because Appellees' claims against Appellant and Lockhart all address the same issues as the claims that are required to be determined by arbitration.

---

[4] The only claim that Appellees assert against Lockhart that does not arise from Appellees' allegation that Lockhart disclosed Appellees' confidential information or that he acted improperly in concert with Appellant is Appellees' breach of the non-compete agreement claim. (CR at 33.) (First Am. Pet.¶ 69). The trial court committed reversible error when it refused to stay the litigation of this claim because Appellees' assertion that Lockhart's breach caused Appellees to lose customers cannot be adjudicated without first adjudicating whether the purported loss of customers to Appellant was caused by activities by the Former Consultants, and that particular claim relates back to the Confidentiality Agreements.

12

## **PRAYER**

For these reasons, Appellant respectfully requests that the Court reverse the trial court's order denying in part the Motion to Compel Arbitration and to Stay Proceedings and remand this cause to the trial court for further proceedings consistent with this Court's ruling. Appellant also respectfully request such further relief, general or specific to which it may be entitled at law or in equity.

Respectfully submitted,


*/s/ Blake L. Beckham*
Blake L. Beckham
State Bar No. 02016500
blake@beckham-group.com
Jose Portela
State Bar No.  90001241
jose@beckham-group.com
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-9300
Facsimile:  214-965-9301

**AND**

Maricela Siewczynski Moore
State Bar No. 24032753
maricela@maricelamoorelaw.com
Law Office of Maricela Moore PLLC
3400 Carlisle, Suite 550
Dallas, Texas 75204
Telephone: 214-965-5123
Facsimile: 214-965-9301

**COUNSEL FOR LOCKHART
AND STAR SYSTEMS
INTERNATIONAL LIMITED**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2015, a true and correct copy of the foregoing Appellant's Brief was served on all counsel of record listed below in accordance with Rule 9.5(c) of the Texas Rules of Appellate Procedure via electronic filing as follows:

**<u>Via Electronic Mail at JGT@brewerattorneys.com</u>**
Jack George Ternan
Brewer Attorneys and Counselors
1717 Main Street Ste. 4800
Dallas, Texas 75201

*/s/ Maricela Siewczynski Moore*
Maricela Siewczynski Moore

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i) because, exclusive of the matters excepted from the word count limitations of the Rule, this Brief contains 3,523 words.

*/s/ Maricela Siewczynski Moore*
Maricela Siewczynski Moore

I:\STAR Systems Int'l\Appellant Brief 070815.doc